UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

HILDA SOLIS, Secretary of Labor,
United States Department of Labor,

                      Plaintiff,

v.

JJM-63 Restaurant Corp., a Corporation
d/b/a Ciao Baby; and
Joseph Digirlomo, Individually and as President, and
Leonard Oliva Individually and as Secretary,

                      Defendants.

---

Civil Action File
No. 12-CV-139

CONSENT JUDGMENT
(SJF, WDW)

---

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants JJM-63 Restaurant Corp., d/b/a Ciao Baby, Joseph Digirlomo, Individually and as President, and Leonard Oliva, Individually and as Secretary, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

1. Defendants, JJM-63 Restaurant Corp., d/b/a Ciao Baby, Joseph Digirlomo, Individually and as President, Leonard Oliva, Individually and as Secretary, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the

following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendant JJM-63 Restaurant Corp. is liable for **$59,588.30** in overtime compensation.

III. Defendants Joseph Digirlomo, Individually and as President, and Leonard Oliva, Individually and as Secretary, are enjoined and restrained from withholding the payment of a total of **$68,747.51** ($59,588.30 in overtime compensation plus post-judgment interest in the amount of **$159.21**, plus **$9,000.00** in Liquidated Damages) due certain employees listed on Exhibit A.

Payment of this amount will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payments shall be in separate cashier or certified checks made payable to "**Wage and Hour Division - Labor**" **with Case No. 1609021 written on the face of each check.** The checks shall be sent to:

**U.S. Department of Labor/Wage & Hour Division**
**The Curtis Center, Suite 850, West**
**170 S. Independence Mall West**
**Philadelphia, PA 19106-3317**

IV. On or before the dates indicated on Exhibit B, Defendants Joseph Digirlomo and Leonard Oliva shall send a copy of each of the checks to:

**U.S. Department of Labor/Wage & Hour Division**
**1400 Old Country Road, Suite 410**
**Westbury, New York 11590-5119**
**Attn: Diane Callan, Assistant Director**

V. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VI. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VIII. Defendants shall pay civil money penalties in the amounts of $3,617.75 ($3599.75 civil money penalty plus $18.00 in interest) **no later than 03/01/2012.** Payment shall be made by separate cashier or certified check made payable to **"Wage and Hour Division - Labor"** with **"Civil Money Penalty– FLSA Case No. 1609021" written on the face of the check for $3,617.75.** Payment of this amount will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B.

The certified check[s] shall be sent to:

**U.S. Department of Labor/Wage Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317**

On or before March 1, 2012, Defendants Joseph Digirlomo and Leonard Oliva shall send a copy of the check to Diane Callan, Assistant Director as set forth in paragraph III above.

IX. If the defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

X. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

XI. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

4

XII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after 02/19/2011.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: 1/24/12
Central Islip, NY

/s/ SANDRA J. FEUERSTEIN
_____
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and consent to the entry of this Judgment.

JJM-63 Restaurant Corp., d/b/a Ciao Baby

BY: _____
Joseph Digirlomo, Individually and as President

_____
Leonard Oliva, Individually and as Secretary

_____
Harold S. Berzow, Esq.
Ruskin Moscou Faltischek P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, NY 11556

**Attorneys for Defendants**

6

STATE OF NEW YORK        )
                         :SS:
COUNTY OF NASSAU         )

On the 3rd day of August, 2011 before me personally appeared Leonard Oliva to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

CAROL L. CASTRONUOVO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01-CA6101133
Qualified in Nassau County
Commission Expires November 03. 2011

7

STATE OF NEW YORK )
:SS:
COUNTY OF NASSAU )

On the 3rd day of August, 2011 before me personally appeared Joseph Digirlomo to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

CAROL L. CASTRONUOVO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01-CA6101133
Qualified In Nassau County
Commission Expires November 03, 2011

# EXHIBIT A

*JJM-63 Restaurant Corp., d/b/a Ciao Baby*
*Case ID 1609021*

| First Name | Last Name | BWs Due | Interest Due | Liquidated Damages | Tot Due |
|---|---|---|---|---|---|
| Camilo Zeferino | Cantur | $8,022.80 | $37.71 | $1,211.73 | $9,272.24 |
| Miguel Angel | Flores Ochoa | $6,720.00 | $5.60 | $1,014.96 | $7,740.56 |
| Fernando | Flores Ramos | $6,337.50 | $1.11 | $957.19 | $7,295.80 |
| Jose Lino Recino | Gonzalez | $7,360.00 | $11.40 | $1,111.63 | $8,483.03 |
| Manuel Recino | Gonzalez | $7,238.00 | $22.45 | $1,093.20 | $8,353.65 |
| Jeovany | Lopez | $2,730.00 | $11.38 | $412.33 | $3,153.71 |
| Alex | Mejia | $1,800.00 | $9.00 | $271.87 | $2,080.87 |
| Denis David Mejia | Padilla | $9,860.00 | $22.33 | $1,489.22 | $11,371.55 |
| Jorge | Santamaria | $900.00 | $4.50 | $135.93 | $1,040.43 |
| Salomon | Vasquez | $7,360.00 | $27.43 | $1,111.63 | $8,499.06 |
| Noe | Zavala | $1,260.00 | $6.30 | $190.31 | $1,456.61 |
| | **Total Due:** | **$59,588.30** | **$159.21** | **$9,000.00** | **$68,747.51** |

EXHIBIT A

# EXHIBIT B

*JJM-63 Restaurant Corp., d/b/a Ciao Baby*
*Case ID 1609021*

| Payment No. | Date Due | Amount Due | Interest Due | Liquidated Damages | Total Due |
|---|---|---|---|---|---|
| 1 | 07/15/2011 | $5,000.00 | 0.00 | 0.00 | $5,000.00 |
| 2 | 10/01/2011 | $9,098.05 | $12.84 | $1,500.00 | $9,110.89 |
| 3 | 11/01/2011 | $9,098.05 | $21.70 | $1,500.00 | $9,119.75 |
| 4 | 12/01/2011 | $9,098.05 | $24.00 | $1,500.00 | $9,122.05 |
| 5 | 01/01/2012 | $9,098.05 | $28.88 | $1,500.00 | $9,126.93 |
| 6 | 02/01/2012 | $9,098.05 | $47.71 | $1,500.00 | $9,145.76 |
| 7 | 03/01/2012 | $9,098.05 | $24.08 | $1,500.00 | $9,122.13 |
| **Totals:** | | **$54,588.30** | **$159.21** | **$9,000.00** | **$68,747.51** |
| 8 | *03/01/2012* | *$3,599.75* | *$18.00* | | *$3,617.75*** |

*\*\*Civil Monetary Penalty*

# EXHIBIT B